NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 10-2149
_____

RICHARD BADWAY
EXECUTOR OF THE ESTATE OF RICHARD BADWAY, JR.
Appellant

v.

CITY OF PHILADELPHIA

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil No. 2-07-cv-01333)
District Judge:  Hon. John R. Padova

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 7, 2011

BEFORE:  JORDAN, GREENAWAY, JR., and
STAPLETON, *Circuit Judges*

_____

(Opinion filed   February 11, 2011  )
_____

1

_____

OPINION OF THE COURT
_____

STAPLETON, *Circuit Judge*:

Richard Badway, Jr., collapsed at 1:00 A.M. on October 22, 2005. His girlfriend immediately called 911 and was assured that "help was on the way." Appellant's Br. at 7. Tragically, help did not arrive in time to prevent his death. The cause of death was cardiac dysrhythmia. Richard's executor brought this civil rights action under 42 U.S.C. § 1983 against the City of Philadelphia, asserting that it "knew that its EMS custom, policy, and procedures could cause death, and acted with deliberate indifference as to Philadelphians' right to life guaranteed by the Fourteenth Amendment." Appellant's Br. at 15. The District Court granted summary judgment to the City, and this appeal followed.

We will affirm for the reasons set forth in the thorough opinion of the District Court. The Due Process Clause "forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *DeShaney v. Winnebago Cnty. Soc. Servs. Dep't*, 489 U.S. 189, 195 (1989). Thus, "there is no federal constitutional right to rescue services, competent or

2

otherwise" and the Fourteenth Amendment does not "place an affirmative obligation on the State to provide competent rescue services if it chooses to provide them." *Brown v. Pa. Dep't of Health Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 478 (3d Cir. 2003). Appellant does not maintain before us that the two exceptions to these principles – the special relationship exception and the state-created danger exception – are applicable here.

Appellant contends that once the state undertakes to provide emergency services – whether or not those services are constitutionally mandated in the first place – it must do so in a way that does not cause constitutional injury. As Appellant sees it, by inducing the public to rely on flawed emergency services, the City is liable for the deprivation of Richard's life. However, that is essentially the same argument that we rejected in *Brown*. In that case, the plaintiffs alleged that "the City of Philadelphia had a number of policies involving [emergency medical technicians] which were enacted with deliberate indifference and which caused harm to them and their son." *Brown*, 318 F.3d at 483. We determined that "[e]ven if we accept everything Appellants allege as true, they will have still failed to establish that the City's policies caused *constitutional* harm. The City was under no constitutional obligation to provide competent rescue services." *Id.* (original emphasis). Though Appellant seems to argue that it was the delay in the arrival of paramedics that caused Richard's death and that the delay thus amounts to an affirmative harm that resulted in the deprivation of Richard's

3

constitutionally protected right to life, Appellant has really only re-framed the assertion made by the plaintiffs in *Brown*, namely that inadequate emergency services constitute a constitutional deprivation because, if those services were delivered properly, there would have been a different and better outcome from the emergency in question. While we sympathize deeply with Appellant in the untimely death of his son, Appellant has not, for the same reasons explained in *Brown*, alleged "a 'direct causal link' between the policy [regarding emergency services] and a constitutional violation." *Id.* at 482. Consequently, the judgment of the District Court will be affirmed.

4